# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARK ANTHONY HARRIS,<br><br>                      Plaintiff,<br><br>v.<br><br>SHOREWOOD POLICE DEPARTMENT,<br><br>                      Defendant. | Case No. 18-CV-803-JPS<br><br><br><br>**ORDER** |

Plaintiff, a prisoner proceeding *pro se*, filed a complaint under alleging that his rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $35.52. 28 U.S.C. § 1915(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327;

*Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

The court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on April 23, 2017, he was in a car accident in which he suffered head and neck injuries. (Docket #1 at 2). He does not explain the circumstances of the accident or who else was involved. He does allege, however, that he was not offered, nor did he receive, any medical attention after the accident. *Id.* He is presently undergoing physical therapy at his institution to alleviate pain from his injuries. *Id.* He blames his injuries on Defendant, the Shorewood Police Department ("SPD"). *Id.*

The nature of Plaintiff's claim is not entirely clear. He says in his complaint that he sues under state law, presumably for negligence, and seeks $2,000. *Id.* at 3. This allegation would ordinarily mean that Plaintiff's case would have to be dismissed. To bring state-law claims in federal court, Plaintiff must allege either (1) that the parties are diverse in citizenship and that the amount in controversy exceeds $75,000, or (2) that he has a claim under federal law which arises from the same operative set of facts as his state law claim. *See* 28 U.S.C. §§ 1332, 1367. Plaintiff's allegations foreclose the exercise diversity jurisdiction, as he and SPD are residents of the same state, and he does not allude to any claim under federal law supporting the exercise of supplemental jurisdiction. Thus, he cannot bring his state-law claim in this Court on its own.

Nevertheless, the Court gathers that Plaintiff may be attempting to state a claim under federal law against the SPD or its officers under 42 U.S.C. § 1983. To state a claim for relief under Section 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by

a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). In this case, Plaintiff appears to suggest that he was denied needed medical care by the SPD, in violation of his rights under the Eighth and/or Fourteenth Amendments. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (to state a claim for deliberate indifference to a serious medical need, the inmate must allege that (1) he had an objectively serious medical condition, (2) the defendant knew of the condition and was deliberately indifferent to treating it, and (3) this indifference caused him some injury).

However, because Plaintiff does not explain the circumstances of the April 23, 2107 car accident, the Court cannot allow a Section 1983 claim to proceed at this time. If Plaintiff and a third party were in an accident and an SPD officer responding to the scene refused to obtain medical care for Plaintiff, he would have no claim, since the state's constitutional duty to provide medical care only attaches once the plaintiff is in state custody. By the same token, if Plaintiff was in custody at the time of the accident or was taken into custody after the accident, the complete denial of medical care might give rise to a constitutional claim. At present, Plaintiff has not provided enough information for the Court to reasonably infer facts giving rise to an actionable Section 1983 claim.

Furthermore, Plaintiff's prospective Section 1983 may be deficient if he seeks to proceed only against the SPD. State officials are liable for their own constitutional violations. *See Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). The agencies that employ them, like the SPD, are not directly responsible for constitutional violations perpetrated by their employees. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Instead, the SPD can only be liable under Section 1983 if one of its policies or widespread customs or

practices was the moving force behind the constitutional violation. *Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009). Plaintiff indicates that his injuries resulted from "violations of policies and procedures" by the SPD, (Docket #1 at 2), but this comes nowhere close to an allegation that the SPD's own policy or custom, rather than the action of its employees, caused Plaintiff harm. Thus, if Plaintiff wishes to assert a Section 1983 claim, he must consider whether to bring that claim against the individual SPD officers who harmed him or against the SPD, with the understanding that a claim against the SPD requires the additional supporting allegations discussed herein.

The Court will allow Plaintiff an opportunity to amend his complaint to correct the above-described deficiencies. If he chooses to offer an amended complaint, Plaintiff must do so no later than **July 24, 2018**. If he does not do so, this action will be dismissed. Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."

Plaintiff should remember that a successful complaint alleges "the who, what, when, where, and how: the first paragraph of any newspaper story." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Additionally, Plaintiff should be aware that an amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading

supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that on or before **July 24, 2018**, Plaintiff shall file an amended complaint or this action will be dismissed;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If

Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 3rd day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge