# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK ANTHONY HARRIS,

                Plaintiff,

v.

SHOREWOOD POLICE DEPARTMENT, JOHN DOES 1–12, and JANE DOES 1–6,

                Defendants.

Case No. 18-CV-803-JPS

**ORDER**

      Plaintiff, a prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging that his rights were violated. (Docket #1). At the Court's direction, *see* (Docket #8), he has filed an amended complaint, (Docket #9). The Court now turns to screening that complaint. All of the legal standards announced in the Court's original screening order apply here. (Docket #8 at 1–3).

      Plaintiff alleges that on April 23, 2017, he was in a car accident in which he suffered severe head, neck, back, and leg injuries. (Docket #9 at 2). Plaintiff lost consciousness for a time after the accident. *Id.* When he awoke, he was being arrested by officers of the Shorewood Police Department ("SPD"). *Id.* at 3. Bloodied and in pain, he asked to go to the hospital for treatment, but the request was denied. *Id.* He asked again upon arriving at the Whitefish Bay district jail several hours later, but again his request was denied. *Id.* When, several more hours later, he was transported from the Whitefish Bay facility to the Milwaukee County Jail, he was again denied medical help. *Id.* Over the course of the three to four hours he spent

in the custody of the SPD, he received no medical attention at all. *Id.* (His pleas for care were also ignored at the Milwaukee County Jail, but he does not join any employees of that facility as defendants in this action.) Plaintiff claims that despite ongoing therapy at his penal institution, he continues to suffer pain in his back from the lack of immediate medical attention. *Id.* at 4.

Plaintiff sues for the deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. *Id.* at 1. He joins the SPD as a defendant, as well as a set of Doe defendants who are SPD officers who interacted with or had custody of Plaintiff over the course of the events of April 23, 2017. *Id.* at 2. Based on the allegations in the amended complaint, coupled with the lenient review applied at screening, the Court finds that Plaintiff may proceed against the individual officers on a claim of deliberate indifference to his serious medical needs, in violation of the Fourteenth Amendment.[1] To state such a claim, the plaintiff must allege that (1) he had an objectively serious medical condition, (2) the defendants knew of the condition and were deliberately indifferent to treating it, and (3) this indifference caused him some injury. *See Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003); *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). All three elements are met here, as Plaintiff suffered serious injuries from the car accident but necessary treatment was denied or delayed despite his repeated requests for care.

However, Plaintiff did not heed the Court's instructions in its original screening order concerning his claim against the SPD itself. The

---

[1]Because he was a pretrial detainee at the time of the relevant events, his deliberate indifference claim is properly sited under the Fourteenth Amendment, not the Eighth. *Solivan v. Dart*, 897 F. Supp. 2d 694, 702 (N.D. Ill. 2012). The analysis is functionally the same under either Amendment. *Id.*

Court earlier explained that state agencies like the SPD are not directly responsible for constitutional violations perpetrated by their employees. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Instead, the SPD can only be liable under Section 1983 if one of its policies or widespread customs or practices was the moving force behind the constitutional violation. *Darchak v. City of Chi. Bd. of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009). Nothing in Plaintiff's complaint plausibly suggests that any policy, practice, or custom of the SPD caused his injury. At best, he asserts that the SPD is liable as the officers' employer, but this is not true. *See* (Docket #9 at 2). As a result, the SPD must be dismissed as a defendant.

Plaintiff may proceed on claims against the individual officer defendants, but there remains one glaring problem: Plaintiff does not identify any of them by name. *See* (Docket #9 at 1–2). Instead, he identifies each of them only as John or Jane Doe. *Id.* The Court cannot exercise personal jurisdiction over unidentified individuals. As a result, Plaintiff must identify by name the officers presently named in the complaint as Does.

To facilitate service of the complaint and identification of the Doe defendants, the Court will join the chief of the SPD, Peter A. Nimmer ("Nimmer"), as a defendant in this action. *See Duncan v. Duckworth*, 644. F.2d 653, 655 (7th Cir. 1981). Plaintiff is advised that in the Court's scheduling order, which will be issued after Nimmer is served, Plaintiff will be afforded a period of time in which to conduct discovery into the identities of the Doe defendants. He should seek this information from Nimmer. Failure to amend the complaint to identify the Doe defendants by

the deadline set forth in the scheduling order may result in dismissal of this action.[2]

For the reasons stated above, Plaintiff shall be permitted to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Fourteenth Amendment, against the John and Jane Doe Defendants. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's Amended Complaint (Docket #9) shall be the operative complaint in this action;

**IT IS FURTHER ORDERED** that Defendant Shorewood Police Department be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Peter A. Nimmer, Chief of the Shorewood Police Department, be and the same is hereby **JOINED** as a party defendant in this action;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this Order upon Defendant Nimmer pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2),

---

[2] Once the Doe defendants are identified, the Court will dismiss Nimmer as a defendant, since there is no allegation that Nimmer has done anything wrong or that he participated in Plaintiff's arrest or his medical care. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

(a)(3). The U.S. Marshals will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee; and

**IT IS FURTHER ORDERED** that Defendant Nimmer shall file a responsive pleading to the complaint.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge