# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARK ANTHONY HARRIS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOES 1–12, JANE DOES 1–6,<br>and PETER A. NIMMER,<br><br>　　　　　　　　　Defendants. | Case No. 18-CV-803-JPS<br><br><br><br>**ORDER** |

Plaintiff, a prisoner proceeding *pro se*, filed this action on May 24, 2018. (Docket #1). Upon screening his amended complaint, the Court permitted Plaintiff to proceed on a medical mistreatment claim under the Fourteenth Amendment against Defendants, officers of the Shorewood and Whitefish Bay police departments. (Docket #10 at 1–2). Because he had named the officers only as Does, the Court joined the Shorewood chief of police, Peter A. Nimmer ("Nimmer"), as a defendant. *Id.* at 3. This was done to facilitate service of the complaint and to allow Plaintiff to pursue discovery of the officers' identities. *Id.*

On September 11, 2018, Plaintiff filed a letter identifying by name the five officers he alleges were involved in the incident underlying this case. (Docket #12). Those officers are Officer Vance of the Shorewood Police Department, Officer Eric Guse of the Glendale Police Department, and Officers Adam Warsh, Patrick Murphy, and Patrick Whitaker of the Whitefish Bay Police Department. *Id.* It is not clear from where he gleaned this information, as Nimmer has not yet appeared in this action. The Court

construes Plaintiff's letter as a request to amend his complaint to include the identities of the defendants.

While the Court appreciates Plaintiff's effort to comply with its order to identify the responsible defendants, it must deny his request for amendment. Piecemeal amendment of a complaint is not permitted. Specifically, here Plaintiff cannot allege the facts of his claims in his amended complaint and identify the defendants in a separate letter. The two must be combined into one amended complaint. As one court has explained:

> When a plaintiff wishes to amend his complaint, he must start over with a new document. He cannot add new allegations in piecemeal fashion every time something new occurs to him. If that were permitted, the complaint would be a moving target, constantly changing and made up of many documents. Thus, if plaintiff chooses to attempt to file a complaint that complies with Rule 8 and Rule 20, he must file a new document that includes all the information he wishes the court and defendants to consider. He may not refer to his original complaint.

*Pentinmaki v. Morgan*, No. 10–cv–194–slc, 2010 WL 2197212, at *1 (W.D. Wis. May 28, 2010); *see also Reliford v. Haney*, Case No. 17–CV–271–JPS, 2017 WL 1496193, at *4 (E.D. Wis. Apr. 26, 2017) ("Complaints cannot be supplemented piecemeal[.]") (internal quotation marks omitted). This requirement is especially important in this case, since Plaintiff has not described what each identified defendant did or what role he played in the relevant events. That is the kind of information that would be useful to include in an amended complaint.

If he wishes to amend his complaint to include the five defendants identified above, Plaintiff must file another amended complaint that identifies them and describes what role each defendant played in the

pertinent events. That amended complaint must be filed no later than **October 9, 2018**. The amended complaint supersedes the prior complaints and must be complete in itself without reference to the prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If another amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that Plaintiff's request to amend his complaint to identify the relevant defendants (Docket #12) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint identifying the defendants and their respective roles in the relevant events no later than **October 9, 2018**.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge