# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARK ANTHONY HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER VANCE, ADAM WARSH, ERIC GUSE, PATRICK MURPHY, and PATRICK WHITAKER, <br><br> Defendants. | Case No. 18-CV-803-JPS <br><br><br> **ORDER** |

Plaintiff, a prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging that his rights were violated. (Docket #1). At the Court's direction, *see* (Docket #8), Plaintiff filed a first amended complaint, (Docket #9). Put briefly, Plaintiff alleges in the first amended complaint that on April 23, 2017, he was in a car accident in which he suffered severe injuries. (Docket #9 at 2). He lost consciousness, and when he awoke, he was being arrested by police officers of the Shorewood Police Department ("SPD"). *Id.* at 3. He asked for medical care, but the request was denied by SPD officers and again by officers of other local police departments with whom he interacted that day. *Id.* at 3–4.[1]

After reviewing the amended complaint, the Court permitted Plaintiff to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Fourteenth Amendment, against the

---

[1] Review of publicly available state court records suggests that Plaintiff robbed a bank with an accomplice, engaged in a high-speed car chase with police, and ultimately crashed into a tree. *See State of Wisconsin v. Mark Anthony Harris*, Milwaukee County Case No. 2017CF002043. Plaintiff pled guilty to a charge of bank robbery in Milwaukee County Circuit Court and was sentenced to a significant prison term. He is presently seeking post-conviction relief.

police officers. (Docket #10 at 2). Plaintiff named the officers not by name, but as John Does, so the Court directed service of the first amended complaint on Peter Nimmer ("Nimmer"), the chief of the SPD, who would then be able to identify the officers in question. *Id.* at 3–4.

Prior to service, however, Plaintiff filed an amended complaint which identifies the officer defendants by name. (Docket #14). Those officers are Officer Vance of the Shorewood Police Department, Officer Eric Guse of the Glendale Police Department, and Officers Adam Warsh, Patrick Murphy, and Patrick Whitaker of the Whitefish Bay Police Department. *Id.* at 2. Other than identifying the officers involved, the second amended complaint is materially identical to the first amended complaint. As before, Plaintiff alleges that each officer either ignored his obvious need for medical care following the accident or ignored his express requests for care. *See id.* at 3–5. Upon review of the second amended complaint against the Court's prior analyses and the relevant legal standards, *see* (Docket #8 at 1–3); (Docket #10 at 1–2), the Court finds that Plaintiff may continue to proceed on a claim of inadequate medical care under the Fourteenth Amendment.[2]

In closing, a slight clarification as to the nature of the claim needs to be addressed. The Court originally named this claim "deliberate indifference to Plaintiff's serious medical needs," as it has long been the rule that claims of medical misconduct brought by pretrial detainees—as Plaintiff was during the relevant events—are treated identically to those brought by convicted prisoners. (Docket #10 at 2 & n.1); *Solivan v. Dart*, 897

---

[2]Because Plaintiff has identified the officers in question, the Court will dismiss Nimmer and the Doe defendants. Nimmer was joined only to facilitate service and discovery of the officers' identities. Further, if Plaintiff later discovers the identities of other officers involved in the events of April 23, 2017, he may seek leave to join them at that time. Placeholder Doe defendants are not necessary for that purpose.

F. Supp. 2d 694, 702 (N.D. Ill. 2012). However, the Seventh Circuit recently upended that precedent, finding that pretrial detainees enjoy more robust constitutional protections in this context. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 351–52 (7th Cir. 2018); *Bergeron-Davila v. Teeling*, Case No. 17-CV-337-JPS, 2018 WL 4603281, at *9–10 (E.D. Wis. Sept. 25, 2018).

After *Miranda*, the legal standard that governs Plaintiff's claim depends on his status as a convict or pretrial detainee. The Eighth Amendment, which prohibits cruel and unusual punishment, is applicable to medical claims brought by convicted prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). To state such a claim, a prisoner must demonstrate that the defendant responded to his serious medical condition with deliberate indifference. *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003).

By contrast, the Fourteenth Amendment governs medical claims when they are brought by pretrial detainees. *Miranda*, 900 F.3d at 350. Because detainees have not been convicted of any crime and therefore cannot be punished in any sense, they are entitled to better medical treatment when in state custody. *See id.*; *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015). Thus, for a pretrial detainee the relevant inquiry is not whether the defendants acted with deliberate indifference, but whether they acted "purposefully, knowingly, or perhaps even recklessly" when they contemplated the consequences of their actions. *Miranda*, 900 F.3d at 353. Whether a detainee's claim is now to be called "reckless indifference to serious medical needs" or something else, what matters is that the pertinent legal standard is different than the Court described in earlier screening orders. The parties should tailor their future submissions accordingly.

For the reasons stated above, Plaintiff shall be permitted to proceed on a claim of inadequate medical treatment, in violation of the Fourteenth Amendment, against all Defendants. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's Second Amended Complaint (Docket #14) shall be the operative complaint in this action;

**IT IS FURTHER ORDERED** that Defendants Peter A. Nimmer, John Does 1–12, and Jane Does 1–6 be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the second amended complaint and this Order upon Defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee; and

**IT IS FURTHER ORDERED** that Defendants shall file a responsive pleading to the second amended complaint.

Dated at Milwaukee, Wisconsin, this 28th day of September, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge