# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MARK ANTHONY HARRIS,

      Plaintiff,

v.

OFFICER VANCE, ADAM WARSH, ERIC GUSE, PATRICK MURPHY, and PATRICK WHITAKER,

      Defendants.

Case No. 18-CV-803-JPS

**ORDER**

   On September 28, 2018, the Court screened the operative complaint in this action and permitted Plaintiff to proceed on a claim of inadequate medical care in violation of the Fourteenth Amendment. (Docket #15). On May 1, 2019, Defendants moved for summary judgment. (Docket #39, #47). On June 5, 2019, Plaintiff moved for an extension of time to reply to Defendants' motions for summary judgment. (Docket #55). The Court granted the motion, and ordered Plaintiff to respond to Defendants' motions for summary judgment by July 25, 2019, or the case would be dismissed for failure to prosecute. (Docket #57). That deadline has come and gone without any communication from the Plaintiff. The Court has reviewed the Defendants' motions for summary judgment, and will treat Defendants' statements of fact as undisputed for the purpose of their motions. Fed. R. Civ. P. 56(e)(2); Civ. L.R. 56(b)(4). For the reasons explained below, the motions will be granted, and the case will be dismissed.

1.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

2.  **RELEVANT FACTS**

One morning[1] in late April 2017, the Shorewood Police Department found itself in pursuit of a car fitting Plaintiff's car's description. The car was believed to have been involved in an armed robbery. Shortly after 10:30 a.m., the Shorewood Police Department received word from Whitefish Bay Police Officer Patrick Murphy ("Murphy") that a car fitting the sought-after vehicle's description had crashed into a tree at a local intersection.

Officer Adam Warsh ("Warsh") and Lieutenant Patrick Whitaker ("Whitaker") reported to the scene of the crash and were informed by witnesses that the car's passengers had fled on foot. The police began a search of the area. At around 11:07 a.m., Officer Erik Guse ("Guse") and Whitaker located Plaintiff in the backyard of a residence, hiding in a mulch

---

[1] Defendants' briefs conflict as to whether it was the morning of April 23 (Docket #41 at 1–2) or April 25 (Docket #48 at 1).

pit. Warsh placed Plaintiff under arrest and, at around 11:24 a.m., took him to the Shorewood Police Department. Murphy does not appear to have been involved with Plaintiff's arrest.

After Plaintiff had been booked at the Shorewood Jail, he complained that his head hurt. Plaintiff does not recall who he complained to, but he was not given any assistance. At around 5:07 p.m. that day, Plaintiff made a voluntary statement to Officer Jierie Vance ("Vance"), in which he described how the car crash occurred. During this interview, Plaintiff was asked if he had any health conditions; he replied that he did not. Following the interview, Plaintiff led Vance back to the scene of the car crash to retrieve the stolen money. Afterward, Vance transported Plaintiff to the Milwaukee County Jail, where he again requested medical assistance. Plaintiff never complained about any injuries to Vance, or requested any medical attention from him. Vance did not see any signs of serious bleeding, trauma, or injury.

Plaintiff explains that he had back and neck pain, as well as scrapes on his arms, from the crash. He claims that he did not receive any medical assistance for his pain until January 2018, when he arrived at the Green Bay Correctional Institution.

3.  **ANALYSIS**

A pre-trial detainee's claim for inadequate medical care is evaluated under the due process clause of the Fourteenth Amendment, which asks whether the denial of medical care was objectively unreasonable under the circumstances. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). A pretrial detainee's Fourteenth Amendment right to medical care is violated if: (1) there was an objectively serious medical need; (2) the defendant made a volitional act

with regard to the plaintiff's medical need; (3) that act was objectively unreasonable under the circumstances in terms of treating or assessing the patient's serious medical need; and (4) the defendant "acted purposefully, knowingly, or perhaps even recklessly" with respect to the risk of harm. *Miranda*, 900 F.3d at 353–54.

As an initial matter, there is no evidence that Murphy interacted with Plaintiff during these events, so the claim against him must be dismissed. Turning to the other defendants, Plaintiff has not offered any evidence that his injuries were objectively serious. Yet even if the Court assumes that his injuries were objectively serious, there is no evidence that Vance, Whitaker, Guse, or Warsh volitionally ignored them. Although the facts presented suggest that Plaintiff complained twice about his pain following the accident, there is no evidence that any of these defendants actually heard or received those complaints, and therefore ignored them.

Moreover, even if the Court were to assume that Defendants had heard Plaintiff's requests for medical assistance, the facts do not suggest that the officers acted objectively unreasonably when they continued their investigation. For example, Plaintiff fled the scene of the crash on foot, proceeded to hide under some mulch, and then cooperated with the investigation following his arrest without incident. There is no evidence that he demonstrated a need for emergency services and, relatedly, no evidence that it was manifestly unreasonable under the circumstances for Defendants to proceed with the investigation. Simply put, a reasonable jury could not conclude that Defendants violated Plaintiff's constitutional right

to medical care. Whether Plaintiff's emergent medical needs were ignored by Milwaukee County Jail is not before the Court.[2]

## 4. CONCLUSION

In light of the foregoing, the Court must grant Defendants' motions for summary judgment and dismiss the case.

Accordingly,

**IT IS ORDERED** that Defendants' motions for summary judgment (Docket #39, #47) be and the same are hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice.**

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of August, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[2] Vance's motion for summary judgment evaluates the claim under the Fourth Amendment. *See* (Docket #41). The Court screened the complaint as a Fourteenth Amendment claim, (Docket #15), but notes that it is unclear if Plaintiff was arrested without a warrant. If there was no warrant, then the Fourth Amendment would have applied. Under the Fourth Amendment, the following factors determine whether an officer's response to an arrestee's medical needs was objectively unreasonable: "(1) whether the officer ha[d] notice of the detainee's medical needs; (2) the seriousness of the medical need; (3) the scope of the requested treatment; and (4) police interests, including. . .investigatory concerns." *Ortiz v. City of Chi.*, 656 F.3d 523, 531 (7th Cir. 2011). Here, there is no evidence that the officers were on notice of the medical need, or that the medical need was serious. To the contrary, the facts show that Plaintiff fled the scene, hid in some mulch, participated in the investigation, and failed to tell any of the named defendants that he needed medical attention. Additionally, Plaintiff has not presented any evidence regarding the scope of the medical treatment needed. Finally, there is some evidence that the police had an interest in continuing their investigation. Therefore, even under the Fourth Amendment, Defendants are entitled to summary judgment.